IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | NO.   12-00206-01 |
| V. | : | |
| | | JUDGE:   MICHAEL M. BAYLSON |
| RYAN SEALS | : | |

SENTENCING MEMORANDUM
ON BEHALF OF RYAN SEALS

Through counsel, Ryan Seals files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**Procedural History**

On May 1, 2012, a grand jury in the Eastern District of Pennsylvania returned a one-count indictment charging Mr. Seals with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(e).  Thereafter, Mr. Seals was tried before a jury and the Honorable Michael M. Baylson and convicted as charged.

**Statement of Facts**

On August 10, 2011, at approximately 11:45 p.m., Philadelphia Police Officers Terry and McCuen were traveling northbound when they turned the corner and saw Bryan Seals on the corner of the 3800 block of North 17th Street.  Mr. Bryan Seals looked at the uniformed

officers in the marked police car and yelled up the block, "Yo, yo, one time, one time." The officers knew that this was a slang phrase warning other people that police were in the area.

Immediately, the police officers heard five to eight gunshots fired up the block of 3800 and 17th Street. The officers did not see who was shooting but noticed defendant in the area of 3842 North 17th Street with his back to the police officers. The Officers saw defendant fall down, get up, and turn so that he could now see the Officers in their marked vehicle.

According to the Officers, Seals immediately threw a dark object with some weight into a large bush next to him. The Officers testified that Seals tried to leave the scene by putting his hands up and walking towards the uniformed officers saying, "They're shooting."

The Officers searched the area where Seals threw the object into the bushes and discovered a loaded .380 caliber semi-automatic, silver Star/Boni handgun with an obliterated serial number in the bush. The gun was loaded with two rounds of ammunition.

On August 15, 2011, a Philadelphia Police firearm examiner examined the gun and found that it was operable and had gunshot residue in the barrel. Additionally, the officers retrieved two fired cartridge casings in the area where defendant allegedly threw a handgun. The firearm examiner determined that those two fired casings matched the handgun found in the bushes.

**Guideline Calculation**

| | |
|---|---|
| Base Offense Level | 24 |
| Increase 4 levels pursuant to U.S.S.G. § 2K2.1(b)(4)(B) | +4 |
| Increase 4 levels because the firearm had an obliterated serial number | +4 |
| Adjusted Offense Level | 32 |

| | |
|---|---:|
| Chapter Four Enhancements<br>Defendant has three prior convictions for a violent crime or serious drug offense. Since defendant is an Armed Career Criminal, his offense level is 34 and not 32 since defendant used the firearm in connection with a crime of violence | +2 |
| Total Offense Level | 34 |

In essence, defendant's total offense level is being enhanced two levels because there has been a determination that he is an Armed Career Criminal. U.S.S.G. 4B1.4(b)(3).

**Criminal History**

Defendant has eight criminal history points based upon prior convictions and two additional points since he was on probation at the time of his offense, giving him a criminal history score of 10. According to the sentencing tables, defendant's criminal history category is V; however, since he is an Armed Career Criminal, his criminal history category is VI, giving him a guideline range of 262 to 327 months.

Defendant contends that he is not a career criminal and at worst his criminal history category is V with an offense level of 32, giving him a guideline range of 188 to 235. Additionally, defendant asserts that the four-level enhancement pursuant to 2K2.1(b)(6) is misplaced since he did not use a firearm in connection with another felony. Consequently, defendant will argue that his offense level is 28 with a criminal history category of V, providing a guideline range of 130 to 162 months.

## LEGAL ARGUMENT

*A.   Defendant's four-level enhancement should be denied.*

When a defendant is convicted under 18 U.S.C. § 922(g)(1), enhancement under U.S.S.G. § 2K2.1(b)(5)(6) applies so long as the government can prove that defendant used or

possessed any firearm in connection with another felony offense. *United States v. Mann*, (2003 C.A. 8) 315 F.3d 1054. In *United States v. Fenton*, 309 F.3d 825 (3d Cir. 2002), and *United States v. Lloyd*, 361 F.3d 197 (3d Cir. 2004), the Third Circuit dealt with this issue and developed a two-part test. The Court stated:

> From *Lloyd* and *Fenton*, a two-part test may be distilled for determining whether an offense committed in connection with possession of a firearm may support an enhancement under section 2K2.1(b)(5). The first part of the test, from *Blockburger*, is legal in nature and asks whether the predicate offense and the firearm possession crime each have an element that is not shared by the other. *Lloyd*, 361 F.3d at 204-05; see also, *Blockburger*, 284 U.S. at 304. The second part of the test, from *Fenton*, is essentially factual in nature and asks whether more than mere possession of the firearm was an integral aspect of the predicate offense. [fn 11] *Lloyd*, 361 F.3d at 204-05; see also, *Fenton*, 309 F.3d at 827-28. If these two questions are answered in the affirmative, then the four-level enhancement under section 2K2.1(b)(5) should apply. *United States v. Navarro*, 476 F.3d 188, 196 (3d Cir. 2007).

Defendant respectfully submits that mere possession of a weapon is what is proven here. Any additional allegations are mere speculation and do not satisfy the government's burden of proof. Therefore, defendant respectfully requests that the four-level enhancement be denied.

**B.     *Defendant is not subject to being an Armed Career Criminal.***

To be an Armed Career Criminal a defendant must commit an 18 U.S.C. § 922(g)(1) offense and have three prior convictions for "violent felonies" or serious drug offenses. 18 U.S.C. § 924(e). A serious drug offense is a federal or state drug offense carrying a "maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(A)(ii). The

consequence of an Armed Career Criminal designation requires that a sentencing court impose a minimum sentence of 15 years imprisonment with a maximum sentence of life imprisonment.

The Government seeks to introduce three prior state court drug convictions for purposes of qualifying defendant as an Armed Career Criminal. Defendant concedes the three prior drug convictions but contends that they do not constitute a serious drug offense. A "serious drug offense" is an offense

> involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. § 802), for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii).

Defendant argues that in all three of his convictions, there was not a particular finding of the drug at issue. To decide whether defendant's convictions qualify as "serious drug offenses" under the Armed Career Criminal Act (ACCA), the "categorical approach" announced under *Taylor v. United States*, 495 U.S. 575 (1990) is utilized.

The categorical approach requires an examination of the facts of conviction and the statutory definition of the prior offense. *Id.* at 602. When the statutory offense definitions are inconclusive, *Taylor* requires a sentencing court, when the prior convictions resulted in a plea, plea agreement, plea colloquy or some comparable judicial record, to determine if the defendant admitted all the elements of the ACCA offense. *Shepard v. United States*, 544 U.S. 13, 26 (2005). This limited inquiry into the necessary elements of a prior conviction is known as the "modified categorical approach." *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009).

1.      2002 Possession With Intent to Distribute

Defendant objected in paragraphs 34 and 35 (CP-51-CR-0504761-2001) that the supporting documents do not indicate that the drug involved was crack cocaine or the charge to which he pled guilty. The Government asserts that Mr. Seals pled guilty to possession with intent to deliver a controlled substance and that the substance was crack.

The Government notes that the Written Guilty Plea Colloquy demonstrates that Mr. Seals pled guilty to PWID with a maximum jail sentence of 20 years with a maximum fine of $150,000.00. To determine the nature of the drug, the Government submits a criminal complaint signed by a bail commissioner which indicates that Mr. Seals is charged with "unlawfully possessed a controlled substance, to wit, crack cocaine."

Defendant asserts this is inconclusive and tenuous that a serious drug offense was committed. In defendant's written plea colloquy, the nature of the drug was not stated and it is only a guess that defendant was pleading guilty to possession with intent to deliver crack cocaine. Defendant respectfully submits that the evidence submitted is insufficient to find this offense as an ACCA predicate offense.

2.      2005 Possession with Intent to Distribute

Defendant objected in paragraphs 38 and 39 (CP-51-CR-121525-2001) that this drug conviction does not qualify since the evidence is insufficient to demonstrate that the conviction involved crack cocaine and that the offense was a "serious drug offense." 18 U.S.C. § 924(e)(2)(A)(ii). The Government argues that the complaint states that defendant "possessed a controlled substance, to wit crack cocaine" and that the supporting court documents reflect that Mr. Seals pled guilty to possession with the intent to distribute crack cocaine.

The guilty plea notation does not specify the drug and there is no transcript or plea allocution submitted in support of the Government's position. Consequently, the evidence is insufficient to conclude that this offense qualifies as a serious drug offense.

> 3. <u>Defendant requests that a jury determine whether he is an Armed Career Criminal and if a four-level enhancement is warranted under U.S.S.G. § 2K2.1(b)(5)(6)</u>

Defendant understands that he is not entitled to have a jury determine the above-mentioned enhancement. In view of the United States Supreme Court hearing argument in *Alleyne v. United States*, 2012 WL 894630, *cert. granted* 10-5-12, defendant seeks to raise this issue should the law change. See, *Harris v. United States*, 536 U.S. 545 (2002).

**C.** ***Section 3553(a) sentencing factors warrant a downward departure/variance***.

This court is required to (1) calculate the guidelines range: (2) rule on guidelines departure motions and choose a sentence in light of relevant Section 3553(a) sentencing factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). When presented with non-frivolous sentencing arguments, a "meaningful consideration" of both the sentencing argument and the Section 3553(a) factors is required.

The court's "overarching" statutory obligation is to impose a sentence that is minimally sufficient to accomplish the purpose of sentencing. *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). Consequently, the guidelines are a starting point and the court must consider all pertinent 3553(a) factors with no special weight afforded the guidelines or any other factors. *Gall v. United States*, 128 S.Ct. 586 (2007).

18 U.S.C. § 3553(a) mandates this court to impose a sentence "sufficient but not greater than necessary" to accomplish the purposes of retribution, deterrence, incapacitation

and rehabilitation. *Kimbrough*, 128 S.Ct. 558, 570 (2007); *Rita v. United States*, 127 S.Ct. 2456 at 2467 (2007).

In determining the sentence minimally sufficient to accomplish the purposes of sentencing, the Court must consider several "factors" listed in Section 3553(a):

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the kinds of sentence available;

- the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;

- the need to avoid unwarranted sentencing disparity; and

- the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7); *Rita*, 127 S.Ct. 2456 at 2463; *Booker v. United States*, 543 U.S. 220 at 245 (2005); *United States v. Cooper*, 437 F.3d 324 at 329 (3d Cir. 2006); *Gunter*, 462 F.3d 237 at 244 & n.9 (3d Cir. 2006).

*Rita, supra,* at 2466, made clear that a sentencing court may disagree with "policy decision" of Congress or the Sentencing Commission and the court could disregard the guidelines. *Gall*, 552 U.S. 38, 51 (2007); *Kimbrough*, 128 S.Ct. 558 at 570 (2007). The guidelines are simply one factor and the court may not presume that the guidelines are appropriate or reasonable in any particular case. *Rita*, 127 S.Ct. at 2465; *Cooper*, 437 F.3d at 331-32.

Thus, even though the guidelines are a starting point, the court must not build a sentence from there. *Gall, supra*, at 596. An appropriate sentence must consider all the factors set forth in Section 3553 in which the guidelines are one factor.

Firstly, the advisory guideline range of armed career offender status is harsh and excessive and the punishment is greater than necessary to accomplish the purposes of sentencing. A sentence in this range would cause a hardship on defendant and his wife and children. The family impact of a long period of incarceration would be considered an unjust punishment which does not serve the ends of justice.

Secondly, the guidelines are advisory and the court may sentence defendant at a more appropriate level. Here, defendant's involvement with the law has been minimal. A sentence of 262 to 327 months is unreasonable and disproportionate in view of prior criminal convictions.

In *United States v. Gardellini*, 545 F.3d 1089 (D.C. Cir. 2008), the court dealt with the issues of the need to deter, protection of the public and the need to provide a just punishment for the offense.

Here, defendant has been working and providing for his family. Further, defendant's last involvement with the law was in 2008, over five years ago. Clearly, defendant has demonstrated that he is no longer a danger to society and a harsh sentence is unwarranted.

In conclusion, defendant respectfully requests that he receive a sentence of 10 years imprisonment.

        Respectfully submitted,

        /s/ Salvatore C. Adamo
        Salvatore C. Adamo
        Attorney for Ryan Seals
        1434 Knox Avenue, Suite 300
        Easton, PA 18040
        Tel. 215.751.1735
        Fax. 908.859.2252
        scadamo11@aol.com

## CERTIFICATE OF SERVICE

I, Salvatore C. Adamo, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.

        /s/ Salvatore C. Adamo
        Salvatore C. Adamo
        Attorney for RYAN SEALS
        1434 Knox Avenue, Suite 300
        Easton, PA 18040
        Tel. 215.751.1735
        Fax. 908.859.2252
        scadamo11@aol.com

Dated: April 4, 2013